REQUESTED BY: Senator Jerome Warner Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Warner:
This is in response to your letter of March 20, 1985, requesting an interpretation of Neb.Rev.Stat. § 81-1328 (Reissue 1981) for purposes of preparing the annual budget.
Apparently, an employee of the Nebraska State Board of Agriculture is claiming to have accrued a total of 2,900 hours of vacation leave. This is based in part upon the `approval' of the extension of this accumulated leave by two former Governors.
Neb.Rev.Stat. § 81-1328 (Reissue 1981) provides in its pertinent part as follows:
 The vacation leave account of each employee shall be balanced as of December 31 each year. Each employee shall be entitled to have accumulated as of December 31 of each calendar year the number of hours of vacation leave which he earned during that calendar year. Hours of vacation leave accumulated in excess of that number shall be lost.
 Any employee shall be entitled to use any vacation time as soon as it has accrued. Any vacation time not used within one year following the calendar year during which the time accrued shall be lost. In special and meritorious cases, where to limit the annual leave to the period therein specified would work a peculiar hardship, such leave may be extended in the discretion of the Governor, or in situations involving employees of the Legislature, in the discretion of the Executive Board of the Legislative Council.
In essence then, an employee's leave account is balanced every year and the excess accrued leave is lost. This would likewise apply in those circumstances where the Governor has exercised his limited authority to extend such excess accrued leave where it would otherwise be lost on December 31. On December 31 of the following year any excess accrued leave, including that previously extended by the Governor, would be lost. It would appear then that this employee has no legitimate claim under this statute.
We must also point out that pursuant to the CreteMills v. Nebraska State Board of Agriculture, 132 Neb. 244,271 N.W. 684 (1937), this office has maintained that the Nebraska State Board of Agriculture is not a state agency. This is true, even though the Board receives appropriations from the Legislature and apparently in this case has opted to maintain its personnel records under the NEIS system. Consequently, we fail to see how a former Governor would have any authority over an employee of the Nebraska State Board of Agriculture.
Sincerely,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General